## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**BILLY JACK BROWN**                                                   **PETITIONER**

**VS.**                        **CASE NO. 5:14CV00052 KGB/HDY**

**RAY HOBBS, Director of the**
**Arkansas Department of Correction**                        **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District Judge  (if such a  hearing is granted)  was not  offered at  the hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof,  and a copy,  or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Billy Jack Brown seeks a  writ of habeas corpus pursuant to 28 U.S.C. §2254.  Mr. Brown is currently in the custody of the Arkansas Department of Correction (ADC).  Mr. Brown entered a guilty plea on June 14, 2010, in Benton County Circuit Court to the charges of manufacturing methamphetamine, simultaneous possession of drugs and firearms, and being a felon in possession of a firearm.  He was sentenced to twenty-five years' imprisonment.  Having entered guilty pleas, no direct appeal of the convictions was available.  In July of 2013, Mr. Brown filed a petition for habeas corpus relief in state court, alleging two instances of ineffective assistance of counsel[1].  The state court dismissed this petition on September 10, 2013, finding  the claims of ineffective assistance of counsel were not proper claims to be advanced in a state habeas corpus petition.  A notice of appeal was filed by Mr. Brown on October 29, 2013.  On January 16, 2014, Mr. Brown was notified by the Criminal Justice Coordinator of the Arkansas Supreme Court that the record was being returned to the trial court because Mr. Brown's notice of appeal was untimely filed.

On February 14, 2014, Mr. Brown filed his petition for federal habeas corpus relief advancing the following claims for relief:

---

[1]In his recent pleading filed with the Court, Mr. Brown disputes that he raised claims of ineffective assistance of counsel in his state habeas corpus proceeding.  Docket entry no. 13, page 2.  Perhaps more pertinent than the claims which were raised is *when* the petition was filed – more than two years after the entry of the guilty pleas.  Thus, the time for a Rule 37 challenge had long passed prior to any action by Mr. Brown.  See Ark.R.Crim.Pro. 37.2.

1.     His guilty pleas were not knowing, voluntary and intelligent; and

2.     He was denied the effective assistance of counsel when his attorney advised him to enter guilty pleas when there was insufficient evidence to support the charges.

Respondent contends that the statute of limitations bars consideration of these claims and that the claims are procedurally defaulted.  By Order dated March 18, 2014, the petitioner was notified of his opportunity to explain why the petition should not be dismissed.  He has responded to the Court's Order.  Docket entry no. 13.  Before turning to the merits of the claims advanced by Mr. Brown, we first consider if the petition is properly before the Court.

**Statute of Limitations:**  Section 101 of 28 U.S.C. 2244 (as amended) imposes a one year period of limitation on petitions for writ of habeas corpus:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent contends that the limitations period began on June 24, 2010, when judgment and commitment were entered pursuant to the guilty pleas.  Thus, the respondent contends the petitioner should have filed for habeas corpus relief on or before June 24, 2011.  The petition was filed on February 14, 2014, more than two and a half years after the limitations period began to run.  Thus,

the respondent urges that the petitioner's failure to act sooner is fatal to the petition.

In the explanatory pleading filed by Mr. Brown in response to the Court's Order of April 21, 2014, he notes his lack of education, and also claims actual innocence as the reason for failing to file a timely petition in this Court. "[I]n light of the fact that there is <u>no</u> evidence anywhere, against Petitioner, that would support a conviction on the charges against him, . . ." Docket entry no. 13, page 4.

Liberally construing this pleading, we consider them to be reasons why Mr. Brown believes the limitations period should have been tolled. The failure to file a timely petition can be excused under some circumstances:

> Equitable tolling is appropriate where extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time, or where a defendant's conduct lulls the prisoner into inaction. *Id.* The doctrine applies "only when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Flanders v. Graves,* 299 F.3d 974, 977 (8th Cir.2002). Equitable tolling is an "exceedingly narrow window of relief." *(Citation omitted).*

*Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

Mr. Brown first claims that his failure to file a timely habeas corpus petition is due to having a lack of education. This assertion is accompanied by few facts, and no case law is cited.[2] We are left to consider the bald assertion of lack of education as a reason to equitably toll the limitations period, and we find this assertion to be lacking. The petitioner bears the burden of producing some facts to support his claims. The claim of Mr. Brown regarding his lack of education fails to warrant equitable tolling.

Mr. Brown next contends the limitation period should be tolled because of his actual innocence. Mr. Romes contends the absence of any evidence to show his guilt proves his innocence and is reason to equitably toll the limitations period. The recent case of *McQuiggin v. Perkins,* ___

---

[2]The Court is aware that lack of education has been alleged as "cause" for procedural default. In *Smittie v. Lockhart*, 843 F.2d 295 (8th Cir. l988), the Court found a petitioner's *pro se* status and ninth grade education were not sufficient to demonstrate cause for pursuing state court remedies.

4

U.S. ___, 2013 WL 2300806 (May 28, 2013), holds that actual innocence, if proved, may serve as a gateway through which the petitioner may pass to overcome the expiration of the statute of limitations. The Supreme Court emphasized, however, that a tenable actual innocence gateway plea is rare. To advance a tenable claim, the petitioner must meet the standard set forth by the Supreme Court in an earlier case:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). The Court goes on to set the standard required of Mr. Brown; he "must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." 513 U.S. at 327. This demanding standard is not met by the assertion of Mr. Brown, which does not amount to the "new reliable evidence" envisioned in *Schlup v. Delo, supra*. We hasten to add that Mr. Brown's assertion of innocence is even harder to prove when, as in this case, the petitioner entered guilty pleas to the crimes[3]. As a result, the petitioner fails to establish actual innocence as a pathway to defeating the limitations period.

In summary, the petitioner entered guilty pleas in June of 2010. The limitations period for filing a federal habeas corpus action lapsed prior to the petitioner filing his state court proceeding in 2013 or his federal habeas corpus action in February of 2014. He offers no persuasive reason why the limitations period should have been tolled following the finality of his state court convictions.

In summary, the petition for writ of habeas corpus was filed with this Court more than two years after it should have been. The petitioner fails to plead or prove any reason why the limitations period should have been tolled. As a result, we recommend the petition be dismissed as untimely.[4]

---

[3]Mr. Brown agreed at the plea hearing that his bedroom was a "shake-and-bake" meth lab, that firearms were in the bedroom, and that he had previously been convicted of a felony. Docket entry no. 14-1, page 8.

[4]We need not, and do not, consider the procedural default argument under the circumstances in this case, where the limitations period has long since expired.

Pursuant to 28 U.S.C. § 2253 and Rule 11 of the Rules Governing Section 2554 Cases in the United States District Court, the Court must determine whether to issue a certificate of appealability in the final order. In § 2254 cases, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). The Court finds no issue on which petitioner has made a substantial showing of a denial of a constitutional right. Thus, we recommend the certificate of appealability be denied.

IT IS SO ORDERED this  16   day of May, 2014.

_____
UNITED STATES MAGISTRATE JUDGE